[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Earl Buckner, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of four counts of possessing a weapon under disability pursuant to R.C. 2923.13. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
Buckner was convicted of the offenses following a jury trial. The evidence at trial indicated that Buckner had possessed four weapons at his residence. After the jury returned guilty verdicts, the trial court sentenced Buckner to consecutive one-year prison terms for each of the four counts.[1]
Buckner now argues, in a single assignment of error, that the trial court erred in entering convictions and in sentencing him on all four counts, because the evidence indicated that the offenses were the product of a single, indivisible act of possession and were committed with a single animus. He argues that the court was required to merge the four counts into a single conviction. The law supports Buckner's argument,[2]
and the state concedes that the trial court erred in entering convictions on more than one count. The assignment of error is accordingly sustained.
Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] The court also ordered the weapons offenses to be served consecutively with sentences for trafficking in cocaine and for preparing cocaine for sale. The trafficking offense was charged under a different case number, and Buckner accordingly filed a notice of appeal for the trafficking offense, as well as the offenses that are the subject of the instant appeal.
[2] See, e.g., State v. Woods (1982), 8 Ohio App.3d 56, 60,455 N.E.2d 1289, 1295-96.